# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:09cv32

| | |
|---|---|
| TIMOTHY WOO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNION COUNTY DSS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff filed his Complaint on January 28, 2009 against the Defendant Union County DSS. [Doc. 1]. By Order entered February 3, 2009, the Plaintiff was allowed to proceed *in forma pauperis* [Doc. 3], and summons was issued. The Defendant filed its Answer to the Plaintiff's Complaint on March 2, 2009. [Doc. 6]. On March 3, 2009, the parties were notified by the Clerk of Court that they are required to conduct an Initial Attorney's Conference ("IAC"). To date, however, no Certification of Initial Attorney's Conference ("CIAC") has been filed with the Court.

Local Rule 16.1 provides that no later than fourteen (14) days from joinder of the issues, the parties or their counsel shall conduct an IAC. LCvR

16.1(A). "Joinder of the issues" occurs when the final answer to a complaint has been filed or the time for doing so has expired. LCvR 16.1(D). Within five (5) days of the IAC, the parties are required to file a CIAC with the Court. LCvR 16.1(B).

Accordingly, **IT IS, THEREFORE, ORDERED** that the parties shall conduct an Initial Attorney's Conference on or before **April 10, 2009** and shall file certification thereof with the Court on or before **April 17, 2009.**

**IT IS SO ORDERED**.

Signed: March 30, 2009

Martin Reidinger
United States District Judge